BLOODWORTH *v.* BOOSER.

Opinion delivered May 22, 1911.

1. PARTNERSHIP—SALE OF INTEREST.—Where a partner transfers his interest to a third person, such purchase does not make the buyer a partner in the firm without the concurrence of the other partners, and the purchaser has only a right of accounting. (Page 240.)

2. BILLS AND NOTES—ADEQUACY OF CONSIDERATION.—Recovery on a promissory note is not defeated by proof of inadequacy of consideration. (Page 241.)

Appeal from Clay Circuit Court, Western District; *Frank Smith,* Judge; affirmed.

STATEMENT BY THE COURT.

This suit was commenced before a justice of the peace, and on appeal to the circuit court there was a trial *de novo* before the court sitting as a jury.

The note sued on was for $65, given by appellant to appellee for his interest in a co-partnership known as the Corning Opera House Company. At the time of the purchase and sale, the partnership owed certain debts, the exact amount of which was not known to either appellant or appellee; but both parties knew there were partnership debts. A few days after the sale, there

was a meeting of the members of the partnership, and there was no objection to receiving appellant as a partner provided he would assume his proportionate share of the partnership debts owing at the time of his purchase. At the time appellee sold his interest in the partnership to appellant, both he and appellant thought that the only debt it owed was the rent for the current month, and appellant agreed to pay appellee's proportion of that. It was understood between them that appellee was not to be responsible for any of the debts of the partnership.

A short time after the sale, the property of the partnership, which consisted of scenery, chairs, a piano, etc., was removed from the Opera House and placed out of doors in the "air-dome" theatre, and by reason of its exposure to the weather all said property was damaged. Neither the amount of debts owed at the date of the sale, nor the amount of damages suffered by reason of the exposure of the property to the weather, was shown. It is conceded, however, that the partnership is insolvent.

The court found for appellant, and judgment was rendered in his favor against appellant for the amount of the note sued on. The case is here on appeal.

*J. N. Moore,* for appellant.

The note is void for failure of consideration. One partner can not sell the property used in conducting the business of the firm, nor his share therein, to a third party, without the consent of the other partners. The sale of the right to an accounting is not a valuable consideration if at the time of the sale the property of the partnership is not sufficient to pay its debts. 30 Cyc. 458, note 4; 22 Am. & Eng. Enc. of L. 104 and authorities cited. Tiedeman on Commercial Paper, § 172.

*G. B. Oliver,* for appellee.

The legal power of a partner to transfer his interest to a third person is unquestioned. The transferee does not become a tenant in common with the other partners in any specific property, but acquires the interest which his vendor had, i. e., his share of the residue after the affairs of the firm are settled and the debts paid. It does not make him a partner without the consent of the other partners. 30 Cyc. 605. The fact that appellant did not realize a profit, or received nothing at all, out of the

partnership property does not constitute failure of consideration. He got what he bought, *i. e.,* the interest of appellee in the Corning Opera House Company. The slightest consideration is sufficient to sustain the promise. 2 Wheat. 13, 4 Law. Ed. 174; 33 Ark. 97; 147 Mass. 335. The burden is on appellant to show failure of consideration. 33 Ark. 97.

HART, J., (after stating the facts). It is conceded by the parties to the suit that purchasers of the share of an individual partner can only take his interest, and that interest consists in the vendor's share of the surplus which remains after the payment of the partnership debts and the settlement of accounts between the partners. See 30 Cyc. 458 and 605.

This is the law, and it follows that where one partner transfers his interest in the partnership to a third person such purchase does not make the buyer a partner in the firm without the concurrence of the other partners, and the purchaser has only a right of accounting.

In the instant case, the appellant pleads a failure of consideration of the note sued on. It is true that the remaining partners refused to admit appellant as a member of the firm unless he assumed his proportionate part of its debts, and that it turned out that the partnership was insolvent. But it must be remembered that there is no charge of fraud or pretense of concealment on the part of appellee. The appellant had every opportunity to find out the condition of the affairs of the partnership. He knew as much about its affairs as the appellee. At the time of the purchase and sale, it was thought by both appellant and appellee that the partnership was solvent. When the remaining partners refused to admit him as a member of the firm unless he assumed a proportionate part of its debts, appellant had a right at once to have an accounting. Instead of doing this, he allowed the remaining partners to remove the property of the partnership into an open air theatre where it was damaged by the weather.

Neither the amount of the debts of the partnership nor the amount of the damage to the property appears from the record. It may be, had the partnership property not been damaged as it was, that it would have been of sufficient value to pay the partnership debts. We can not tell. In any event we hold that, under the facts as shown by the record, the promise contained in

the note sued on was a binding one, without reference to whether the venture was a profitable one or not.

"In estimating the value of a thing as the consideration for a promise, there is a manifest distinction between property of a certain and determinate value, and things which have but a contingent and indeterminate value. But, in any event, mere inadequacy of consideration is not sufficient to defeat a promise. It is sufficient that the consideration shall be of some value. It may only be of slight value or such as could be of value to the party promising. *Smock* v. *Pierson,* 68 Ind. 405, 34 Am. Rep. 269.

The judgment will be affirmed.